22271

The STATE, Respondent, v. James Kevin McCOY, Appellant.
(328 S. E. (2d) 620)

Supreme Court

*South Carolina Office of Appellate Defense*, Columbia; and *Jerry L. Taylor* and *Stephen John Henry*, Greenville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.*, and *Staff Atty. Carlisle Roberts, Jr.*, Columbia; and *Sol. William B. Traxler, Jr.*, Greenville, *for respondent.*

Submitted Feb. 4, 1985.

Decided April 1, 1985.

*Per Curiam:*

Appellant, James Kevin McCoy, was indicted for participating with a friend in the murder of the friend's father. He was fifteen years old when arrested. The family court waived jurisdiction after a hearing, and appellant's case was transferred to the Court of General Sessions where he was tried for murder. Appellant was convicted and sentenced to life imprisonment.

Appellant contends the transfer hearing in the family court was tainted because the solicitor's office failed to reveal allegedly exculpatory evidence pursuant to a *Brady* request. *Brady v. Maryland*, 373 U. S. 83, 83 S. Ct. 1194, 10 L. Ed. (2d) 215 (1963), stands for the proposition that an accused is denied due process at trial if, after making a timely request, he does not receive any exculpatory information the prosecution may hold.

A transfer hearing is not a trial. When considering whether to waive jurisdiction over a juvenile accused of murder, the family court judge uses the public interest as his criterion. Family Court Rule 41. A preliminary determination of guilt would be inappropriate at such a hearing. Since the information appellant sought was provided well before his trial, his reliance on *Brady v. Maryland* is inappropriate.

Appellant's other exceptions are without merit.

The conviction and sentence, are, accordingly,

Affirmed.